```
1   C. Megan Fischer (SBN 019828)
    KLEIN THOMAS & LEE
2   340 East Palm Lane, Suite A310
    Phoenix, Arizona  85004
3   Tel:  (602) 935-8300
    megan.fischer@kleinthomaslaw.com
4
    Attorneys for Defendant General Motors LLC
5
```

## UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| **Kyle Spencer**, an individual and statutory beneficiary of Serenity Haven Spencer; and **Dominecia Calderon**, an individual and statutory beneficiary of Serenity Haven Spencer,<br><br>   Plaintiffs,<br><br>v.<br><br>**General Motors LLC**, a Delaware limited liability company; and **Darlene Ladonna Muder**, an individual, and **Jason Muder**, husband and wife,<br><br>   Defendants. | Case No. _____<br><br>**NOTICE OF REMOVAL**<br><br>(Superior Court, Navajo County, Arizona; Case No. S-0900-CV-202000169) |

PLEASE TAKE NOTICE THAT pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, Defendant General Motors LLC ("GM LLC"), through undersigned counsel, gives notice of removal of this action from the Superior Court of the State of Arizona in and for the County of Navajo to the United States District Court for the District of Arizona.  In support of this Notice of Removal, GM LLC states as follows:

**PROCEDURAL BACKGROUND**

1. On or about May 20, 2020, this action was commenced in the Superior Court of the State of Arizona in and for the County of Navajo under the caption *Kyle Spencer, an individual and statutory beneficiary of Serenity Haven Spencer; and Dominecia Calderon, an individual and statutory beneficiary of Serenity Haven Spencer v. General Motors LLC, a Delaware limited*

///

*liability company; and Darlene Ladonna Muder, an individual, and Jason Muder, husband and wife* bearing civil action case number S-0900-CV-202000169.

2. As required by 28 U.S.C. § 1446(a) and LRCiv 3.6(b), a copy of all process, pleadings, orders, and other documents that were previously filed with the state court in this action are attached hereto as Exhibit 1.

3. Defendant GM LLC was served the Summons and Complaint on June 3, 2020. (*See* Exhibit 1).

## BASIS FOR REMOVAL

4. This case is being removed under 28 U.S.C. §§ 1441(b) and 1446. The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 because the alleged amount in controversy exceeds the sum of $75,000 and complete diversity of citizenship exists between the parties.

**A.  Complete Diversity of Citizenship Exists Between Plaintiffs and Defendants.**

5. Diversity of citizenship is determined by the parties' citizenship at the time the Complaint is filed. *See* 28 U.S.C. §§ 1332 and 1441.

6. Plaintiffs are both citizens and residents of Arizona. (*See* Compl. ¶¶ 1, 3).

7. Defendant GM LLC is, and was at the time the state court action commenced, a Delaware limited liability company. The sole member of GM LLC is General Motors Holdings, LLC. The sole member of General Motors Holdings, LLC is General Motors Company. General Motors Company is a Delaware corporation with its principal place of business located in the State of Michigan. Accordingly, GM LLC is a citizen of Delaware and Michigan for purposes of determining diversity jurisdiction. See 28 U.S.C. § 1332(c)(1); see also *Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006) ("an LLC is a citizen of every state of which its owners/members are citizens.").

8. Defendant Darlene Ladonna Muder is a citizen and resident of New Mexico as alleged in the Complaint. (*See* Compl. at ¶ 9).

9. Defendant Jason Muder is also a citizen and resident of New Mexico.[1]

---

[1] The Complaint makes no allegations against Defendant Jason Muder and makes it clear that he is named only by virtue of his status as the husband of Darlene Muder to comply with community

2

10. Because no defendants in this case are citizens of Arizona, where Plaintiffs are citizens, there is complete diversity of citizenship between the parties.

**B.      The Amount in Controversy Satisfies the Jurisdictional Minimum.**

11. Under 28 U.S.C. § 1332(a), in order to establish diversity jurisdiction, the amount in controversy must exceed "the sum or value of $75,000, exclusive of interest and costs."

12. A defendant may utilize the allegations in the complaint to establish the amount in controversy. *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997); 28 U.S.C. § 1446(c)(2). Alternatively, a defendant may set forth facts in its notice of removal demonstrating that the amount in controversy exceeds $75,000.00. *Singer*, 116 F.3d at 377. "[T]he removing defendant bears the burden of establishing, by a preponderance of the evidence, that the amount in controversy exceeds [$75,000]." *Ansley v. Metro. Life Ins. Co.*, 215 F.R.D. 575, 577 (D. Ariz. 2003) (quoting *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996)). In calculating the amount in controversy, the Court may consider a plaintiff's potential compensatory damages, potential punitive damages, and potential award of attorneys' fees, if such fees are authorized. *Id*.

13. As it relates to Defendant GM LLC, Plaintiffs assert four causes of action: (1) Strict Liability – Design Defect; (2) Negligence; (3) Wrongful Death; and (4) Negligent Infliction of Emotional Distress. (*See* Compl. at ¶¶ 95–102, 103–113, 117–120, 121–125).

14. These claims all arise from an automobile accident resulting in death of the Plaintiffs' minor child, for which Plaintiffs seek actual and punitive damages against GM LLC. (*See* Compl. *ad damnum* clause, ¶¶ 1, 3).

15. The Complaint does not state the amount of damages sought by Plaintiffs and under Arizona law the Plaintiffs are prohibited from making such an allegation. Ariz. R. Civ. P. 8(b)(1). However, Rule 8(b)(2) requires a party who claims damages but does not plead an amount to plead that their damages as such to qualify for a specified tier defined by Ariz. R. Civ. P. Rule 26.2(c)(3). As required by Rule 8(b)(2), Plaintiffs have stated on the face of the Complaint that this is a "Tier 3"

---

property laws of Arizona and/or New Mexico should Plaintiffs seek to enforce a judgment against the Muders' marital property. (Compl. ¶ 10). The Complaint asserts nothing in relation to where Mr. Muder is a citizen or resident but, as is indicated in the letter from counsel for Mr. Muder, both he and Darlene Muder are residents of New Mexico. (*See* Letter from J. Ledbetter to M. Fischer, dated June 25, 2020, attached hereto at Exhibit 2).

case for purposes of Rule 26.2(c)(3). (Compl. at caption). Under Rule 26.2(c)(3), a Tier 3 case is an action claiming $300,000 or more in damages. Additionally, as noted above, Plaintiffs are seeking punitive damages from GM LLC in this matter. (*See* Compl. *ad damnum* clause, ¶ 3).

16. Accordingly, it is apparent from the allegations of the Complaint that the amount in controversy exceeds the jurisdictional minimum of $75,000 required for removal to this Court, exclusive of interest and costs. *See, e.g., Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014) (notice of removal "need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold."); *Deutsch v. Turner Corp.*, 324 F.3d 692, 718 n. 21 (9th Cir. 2003) ("There is [] no doubt" that a lawsuit seeking compensation and punitive damages for withheld wages and severe physical and mental injuries meets the $75,000 minimum amount in controversy although no amount was stated in the complaint); *Evanston Ins. Co. v. Hearthstone of Sun City, LLC*, No. CV-08-1632-PHX-FJM, 2009 WL 10649918, at *1 (D. Ariz. Feb. 5, 2009) (finding that, although no amount was specified in the complaint, the value of Plaintiffs' claims for wrongful death and negligence exceed the $75,000 jurisdictional minimum by any reasonable standard).

## COMPLIANCE WITH REMOVAL STATUTES

**A.    Venue is Proper in the Prescott Division.**

17. Pursuant to 28 U.S.C. § 1446(a), removal should be to the United States District Court sitting in Prescott, Arizona.

18. Venue is proper pursuant to 28 U.S.C. § 1391 because this action was pending in Navajo County.

**B.    The Notice of Removal is Timely.**

19. This notice of removal is being filed within thirty days after service or receipt of the Summons and Complaint upon Defendant GM LLC, as required by 28 U.S.C. § 1446(b)(1).

**C.    Joinder In or Consent to Removal by Other Defendants.**

20. Defendant Jason Muder was served with the Summons and Complaint in this matter on June 1, 2020. It is GM LLC's understanding that Defendant Darlene Muder has not been properly served with the Summons and Complaint. However, in the event that she is subsequently

properly served, or to the extent Plaintiffs may attempt to argue that she has already been properly served, both Darlene Muder and Jason Muder consent to this removal in satisfaction of the requirements of 28 U.S.C. § 1446(b)(2)(A). (*See* Exhibit 3).

**D.     Required Notice of the Removal Is Duly Given.**

21.     Pursuant to 28 U.S.C. § 1446(d), prompt written notice of the filing of this Notice of Removal is given to all adverse parties as required by law, and a true and correct copy of this Notice is given to the clerk of the Navajo County Superior Court by filing a copy of this notice of removal with the clerk of the state court.

## CONCLUSION

22.     As set forth above, all of the prerequisites for removal have been satisfied, and removal is proper pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. Accordingly, GM LLC respectfully requests that this lawsuit be removed to the United States District Court for the District of Arizona.

23.     In removing this case to federal court, GM LLC has not waived any available defenses to the allegations asserted against it in the Complaint and, unless otherwise stated in GM LLC's pleadings, GM LLC has not admitted to any of the allegations set forth in the Complaint. GM LLC expressly reserves the right to assert all available defenses to each allegation in the Complaint.

WHEREFORE, Defendant GM LLC gives notice that this action, previously pending in the Superior Court of Navajo County, is removed to this Court and that all further proceedings in this action be conducted in this Court as provided by law.

Dated this 29th day of June, 2020.

KLEIN THOMAS & LEE

By: */s/ C. Megan Fischer*
C. Megan Fischer
Attorneys for Defendant General Motors LLC

**CERTIFICATE OF SERVICE**

I hereby certify that on the 29th day of June, 2020, I caused the attached to be electronically transmitted to the Clerk's Office using the CM/ECF System for filing and service to the following CM/ECF registrants:

G. Lynn Shumway — Attorney for Plaintiffs
SHUMWAY LAW PLLC
4647 N. 32nd St., Ste. 230
Phoenix, AZ 85018
shumway@carsafetylaw.com

Brent Ghelfi — Attorney for Plaintiffs
GHELFI LAW GROUP, PLLC
4647 N. 32nd St., Ste. 230
Phoenix, AZ 85018
brentghelfi@ghelfilawgroup.com

John E. Kelly — Attorney for Plaintiffs
KELLY LAW TEAM, PLLC
1 E. Washington St., Ste. 1520
Phoenix, AZ 85004
john@kellylawteam.com

*/s/ D. Schwartz*